UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-403S |
| | : | |
| JOHNNY BUNKLEY, JR. | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-404S |
| | : | |
| ABAL CHECK CASH FINANCIAL SERVICES, INC. | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-405S |
| | : | |
| PROCESSING CENTER | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-406S |
| | : | |
| FAMILY DOLLAR STORES | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-407S |
| | : | |
| BANK OF AMERICA | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-408S |
| | : | |
| WOONSOCKET POLICE DEPARTMENT | : | |

| | | |
|---|---|---|
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-409S |
| | : | |
| JACKSON MEMORIAL HOSPITAL | : : : | |
| | | |
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-410S |
| | : | |
| MacDONALDS, et al. | : | |
| | | |
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-446S |
| | : | |
| RHODE ISLAND CREDIT UNION | : : | |
| | | |
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-447S |
| | : | |
| KAREN LUCAS | : | |
| | | |
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-448S |
| | : | |
| EDDIE B. LOYD | : | |
| | | |
| SELETHEA DORSEY | : | |
| | : | |
| v. | : | C.A. No. 09-449S |
| | : | |
| R.L. HODO | : | |
| | | |
| SELETHEA DORSEY | : | |

|  | : |  |
| --- | --- | --- |
| v. | : | C.A. No. 09-451S |
|  | : |  |
| PROVIDENCE HOUSING | : |  |
| AUTHORITY | : |  |

|  | : |  |
| --- | --- | --- |
| SELETHEA DORSEY | : |  |
|  | : |  |
| v. | : | C.A. No. 09-461S |
|  | : |  |
| SOUTH CENTRAL MIAMI | : |  |
| DADE COUNTY PUBLIC | : |  |
| SCHOOLS | : |  |

|  | : |  |
| --- | --- | --- |
| SELETHEA DORSEY | : |  |
|  | : |  |
| v. | : | C.A. No. 09-462S |
|  | : |  |
| AFSME UNION | : |  |

|  | : |  |
| --- | --- | --- |
| SELETHEA DORSEY | : |  |
|  | : |  |
| v. | : | C.A. No. 09-463S |
|  | : |  |
| WYNDHAM REWARDS, et al. | : |  |

**CONSOLIDATED REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

During September 2009, Plaintiff Selethea Dorsey filed sixteen (16) Complaints in this Court and in each case filed an Application to Proceed Without Prepayment of Fees including the $350.00 per case filing fee. Plaintiff's Applications (Document No. 2 in each case) filed pursuant

to 28 U.S.C. § 1915 have all been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing Plaintiff's Applications signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of these proposed civil cases and thus, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) are GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaints *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss any that are "frivolous or malicious," "fail[] to state a claim on which relief may be granted" or "seek[ ] monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaints be DISMISSED because they are "frivolous," "fail[ ] to state a claim on which relief may be granted," and/or "seek[ ] monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff apparently arrived in Providence by Greyhound Bus on June 25, 2009. See Dorsey v. Greyhound Buses, C.A. No. 09-343S. In August, Plaintiff filed eleven (11) Complaints in this Court that were all dismissed as frivolous and/or legally deficient pursuant to 28 U.S.C. § 1915(e). (See Civil Case Nos. 09-341 to 09-345, and 09-350 to 09-355). Her September case filings are also frivolous and/or legally deficient. Several of Plaintiff's new cases (Civil Case Nos.09- 404, 09-406, 09-407, 09-408 and 09-446) related to Plaintiff's unsuccessful efforts to cash a check. The check (see Document No. 1-2 in Dorsey v. Bank of America, C.A. No. 9-407S) dated August 17, 2009 is drawn on the Merchants & Farmers Bank of Kosciusko, Mississippi and is made payable to "Selethea Dogeya" (not Dorsey) in the amount of $1,982.25. Plaintiff sues ABAL Check Cashing Service of Woonsocket (C.A. No. 09-404) and Bank of America (C.A. No. 09-407) for refusing to

cash the check. She sues Family Dollar Stores (C.A. No. 09-406) for refusing to cash the check in connection with an attempted purchase at its Broad Street store in Providence. She sues the Woonsocket Police Department (C.A. No. 09-408) because an officer refused to respond to ABAL Check Cashing to assist Plaintiff when ABAL refused to cash the check. Finally, she sues Rhode Island Credit Union (C.A. No. 09-446). She alleges that Rhode Island Credit Union opened checking and savings accounts for her and she apparently deposited the check and made withdrawals. Id. Plaintiff alleges that Rhode Island Credit Union personnel informed her after two weeks that the check bounced and she claims that there is "no way a check can bounce after 2 weeks after it has already been cleared." (Document No. 1 at p. 3 in C.A. No. 09-446S). Plaintiff bases her conclusion on her past employment as a teller for Sun Bank in Florida.[1]  Id.

Plaintiff also seeks to pursue several claims against out-of-state Defendants which arise out of conduct allegedly occurring well over ten years ago, and thus these claims, on their face, appear untimely. For instance, in Dorsey v. McDonald's, et al., C.A. No. 09-410S, Plaintiff alleges that she was working part-time at a McDonald's restaurant in Miami in 1991 and was falsely accused of stealing money from the cash register. Id. at Document No. 1, pp. 9-10. Since her Complaint is somewhat rambling and does not include a case caption identifying all of the Defendants, it is difficult to decipher who Plaintiff is additionally suing in C.A. No. 09-410S and for what. However, it appears that some of her claims arise out of an alleged altercation which took place in the early 1990s with a neighbor in Florida and a claimed false arrest by the Miami Dade County Police Department related to that altercation. Id. at Document No. 1., pp. 1-4. Finally, Plaintiff attempts

---

[1] Plaintiff previously sued Sun Bank in her first wave of lawsuits (see Dorsey v. Suntrust (Sun Bank), C.A. No. 09-354S) in connection with her unsuccessful attempts to change a one million dollar bill. In that case, Plaintiff alleged that she worked for Sun Bank in Florida in the early 1980s. Id. at Document No. 1, p. 5.

to state claims against a former employer, the Miami Dade County Public Schools, because it terminated her employment and barred her from the property in 1990. In two related cases, Dorsey v. South Central Miami Dade County Public Sch., C.A. No. 09-461S and Dorsey v. AFSME Union, C.A. No. 09-462S, Plaintiff also brings claims related to the termination of her employment in 1990 and eating food at an "AFSME" union party in 1996 that made her sick and unable to go to work.

Plaintiff also seeks in Dorsey v. Jackson Mem'l Hosp., C.A. No. 09-409S, to sue a hospital in Miami, Florida for giving the wrong medicine to her nine year old son during a visit to the trauma center in 1998 and doing so without her permission. As a remedy, Plaintiff demands her son's medical records, "another county hospital trauma center for him to go to" and her own medical records "when [she] had 2 children...in 1978, 1979." Id. at Document No. 1, p. 1.

Finally, as to apparently untimely claims, Plaintiff sues Eddie B. Loyd for seventeen years of unpaid child support that he was ordered to pay her in 1993. See Dorsey v. Eddie B. Loyd, C.A. No. 09-448S.

Plaintiff brings two claims regarding her participation in a church choir. In Dorsey v. Karen Lucas, C.A. No. 09-447S, Plaintiff sues Karen Lucas for asking her to sing in the choir at Mount Hope Baptist Church in Zebulon, Georgia and not paying her for doing so from 2005 – 2007. She also states that she needs a throat doctor and ear doctor because her throat was hurt singing and her ears were hurt by choir members who shouted in her ear. In Dorsey v. R.L. Hodo (Pastor of the Mount Hope Baptist Church), C.A. No. 09-449S, Plaintiff also sues the pastor of the Church for refusing to pay her for singing in the choir. She demands $50,000.00 and the deed of the Church building in her name.

In addition, Plaintiff sues an entity identified only as "Processing Center" because she hasn't had credit "for almost 15 years" and was turned down for a "Shell card." See <u>Dorsey v. Processing Ctr.</u>, C.A. No. 09-405S. Similarly, in <u>Dorsey v. Wyndham Rewards Bank of America</u>, C.A. No. 09-463S, Plaintiff asserts that the denial of her application by Bank of America for a Wyndham Rewards Platinum Plus MasterCard due to bad credit is "very wrong" because she has not charged anything in twenty years.

Plaintiff sues Johnny Bunkley, Jr. of Meansville, Georgia for using her name and social security number to "get money on his income tax return." See <u>Dorsey v. Johnny Bunkley, Jr.</u>, C.A. No. 09-403S. She demands $50,000.00 and wants him put in jail if he does it again. <u>Id.</u> In <u>Dorsey v. Providence Housing Auth.</u>, C.A. No. 09-451S, Plaintiff takes issue with a letter she received for a "fingerprinting appointment" in connection with an application for public housing because she was informed by the Authority that "[u]pon checking the Bureau of Criminal Identification records, it appears you have a record with the FBI." <u>Id.</u> Plaintiff disputes that she has a record with the FBI and she wants her "record with the Providence Housing Authority back clean again." <u>Id.</u>

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed *in forma pauperis* is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). <u>See</u> <u>Fridman v. City of N.Y.</u>, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." <u>Roma Constr. Co. v. aRusso</u>, 96 F.3d

566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's second wave of Complaints filed in September 2009 be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaints as true and has drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See, Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaints, dismissal is required.

Rule 8(a)(1), Fed. R. Civ. P., requires that every Complaint "must" contain a short and plain statement of the grounds for the Court's jurisdiction. This generally consists of a reference to subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity of citizenship). Plaintiff's Complaints do not contain the required jurisdictional allegations and thus do not comply with Rule 8(a)(1).

Plaintiff's Complaints also fail to comply with Rule 10(a) and (b), Fed. R. Civ. P., because they are not in the proper form. Plaintiff's Complaints do not contain a proper caption which names

all of the parties sued as required. In addition, her allegations are stated in narrative form rather than stated in number paragraphs and each claim is not organized into separate counts or sections as required.

In addition to these procedural deficiencies, Plaintiff's claims as plead do not trigger this Court's subject matter jurisdiction. First, as to federal question (28 U.S.C. § 1331), Plaintiff does not identify any federal laws or constitutional provisions allegedly violated by any of the Defendants. Since Plaintiff has not adequately stated any federal claims, the Court has no subject matter jurisdiction under 28 U.S.C. § 1331.

Plaintiff also does not allege diversity of citizenship as an independent basis for subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff's Complaints do not indicate her state of citizenship. While it appears from the address she provided that Plaintiff is currently residing at a homeless shelter in Providence, it is unclear if Rhode Island is Plaintiff's domicile and thus state of citizenship for diversity jurisdiction purposes. See Murphy v. Newport Waterfront Landing, Inc., 806 F. Supp. 322, 324 (D.R.I. 1992) (domicile is established when a person takes up residence in a new state and intends to remain a resident in that new state). It is clear from Plaintiffs Complaint that the Defendants in some of these cases are not Rhode Island entities or citizens for diversity jurisdiction purposes. Even if Plaintiff could establish diversity of citizenship as to some or all of these Defendants, she would still have to meet the minimum $75,000.00 jurisdictional amount as to each of these cases. From my review of Plaintiff's Complaints and Civil Cover Sheets, she does not reasonably meet this requirement for diversity jurisdiction.

Plaintiff's Complaints also fail to contain any allegations as to why this District is the proper venue or location to pursue her claims against the out-of-state Defendants. Even if this Court did

have diversity jurisdiction, venue would not be proper in this District. Under 28 U.S.C. § 1391(a), a diversity case must be brought in the District where (1) the defendant resides; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) the defendant is subject to personal jurisdiction if there is no District where the case can otherwise be brought. See Berube v. Brister, 140 F.R.D. 258, 261 (D.R.I. 1992) (plaintiff's residence by itself is not sufficient to confer venue if the case has no other relation to that District). Here, the majority of the cases have no connection to Rhode Island other than Plaintiff's residence here at the time of filing.

Finally, it does not reasonably appear from Plaintiff's Complaints and the nature of many of the out-of-state Defendants sued that they have sufficient contacts to this District to support personal jurisdiction.

**Conclusion**

For the reasons stated, Plaintiff's Applications to Proceed Without Prepayment of Fees (Documents No. 2) are GRANTED. However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaints in these cases (C.A. Nos. 09-403S, 09-404S, 09-405S, 09-406S, 09-407S, 09-408S, 09-409S, 09-410S, 09-446S, 09-447S, 09-448S, 09-449S, 09-451S, 09-461S, 09-462S and 09-463S) be DISMISSED as discussed above.

Since early August, Plaintiff has filed twenty-seven (27) handwritten Complaints in this Court raising dozens of past and present grievances. I have carefully reviewed and liberally construed all of these complaints pursuant to the requirements of 28 U.S.C. § 1915(e) and in deference to Plaintiff's pro se status, and find all of them to be frivolous, i.e., lacking an "arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). While I have concluded that Plaintiff's Complaints are frivolous, I do not believe her misguided efforts to seek

redress in this Court are malicious but rather are the result of her pro se status and a lack of understanding of what grievances legitimately give rise to a legal claim and what is necessary to invoke the jurisdiction and venue of the Federal Court.

Although Plaintiff, of course, has the right to seek redress in this Court, she does not have the right to abuse the process and waste the Court's limited resources by filing waves of frivolous lawsuits. Thus, pursuant to Fed. R. Civ. P. 11 and the Court's inherent power to address abuse of the Court process, I recommend that this District Court issue an appropriate Order to limit Plaintiff's ability to file complaints in this Court without completely denying her access. See Azubuko v. MBNA America Bank, 396 F. Supp. 2d 1, 7 (D. Mass. 2005) ("a district court has the power to enjoin a party from filing frivolous and vexatious lawsuits"). In particular, I recommend that the District Court enter the following Order to address Plaintiff's pattern of filing frivolous lawsuits:

> Plaintiff Selethea Dorsey is prohibited from filing any additional complaints or other papers in this Court, except for filings in currently pending cases to object to a Report and Recommendation of a Magistrate Judge or to effect an appeal from this Court, without first obtaining the prior written approval of a District Judge of this Court. If Plaintiff Selethea Dorsey wishes to file any additional complaints or other papers in this Court, she shall file a written petition seeking leave of Court to do so. The petition must be accompanied by copies of the documents sought to be filed, and a certification under oath that there is a good faith basis for filing them in Federal Court. The Clerk of Court shall accept the documents, mark them received, and forward them to a District Judge of this Court for action on the petition for leave to file.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia

Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 5, 2009